UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS-6

Priority  ____
Send      ____
Enter     ____
Closed    ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: **CV 11-02275 SJO (FMOx)**        DATE: **May 6, 2011**

TITLE: **Arnold Gonzalez v. Sears Holding Corp. et al.**

========================================================================

PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                Not Present
Courtroom Clerk                                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**              **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                     Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO CALIFORNIA SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Defendant Sears Holding Corp.'s ("Defendant") Notice of Removal ("Notice"), filed March 17, 2011. (Docket No. 1.) Plaintiff Arnold Gonzalez ("Plaintiff") filed his Complaint ("Complaint") in California Superior Court on January 27, 2011. For the following reasons, the case is **REMANDED**.

I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a resident of the County of Los Angeles and a citizen of California. (Compl. ¶ 2.) Defendant was incorporated in the State of New York and its principal place of business is in the State of Illinois. (Notice ¶ 3.) Plaintiff, a former employee of Defendant, alleges that he was discriminated against on the basis of his national origin and race. (Compl. ¶¶ 7-8.) Plaintiff claims: (1) national origin discrimination in violation of the California Fair Employment and Housing Act ("FEHA:); and (2) race discrimination in violation of the FEHA. (*See* Compl.) In his Complaint, Plaintiff did not state the amount in damages sought. (*See generally id.*) Defendant removed the instant action on March 17, 2011, based solely on diversity jurisdiction.

II.  DISCUSSION

    A.  The Court Challenges Subject Matter Jurisdiction *Sua Sponte*.

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court is mandated to remand the case. *See* 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). As such, the Court finds it appropriate to determine whether jurisdiction exists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 11-02275 SJO (FMOx)     DATE: May 6, 2011

B.   Legal Standard

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quotation omitted). For a removal based on diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The removing party "need[s] to provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." *Valdez*, 372 F.3d at 1117 (internal quotation marks omitted). Courts may consider facts "presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at time of removal.'" *Matheson*, 319 F.3d at 1090 (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

1.   Plaintiff's Oral Communication Fails as Grounds for Removal.

Pursuant to 28 U.S.C. § 1446, "[i]f a case . . . is not [initially] removable, a notice of removal may be filed within thirty days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). "Under § 1446(b), courts interpret the reference to 'other paper' broadly . . . ." *Rice v. Equifax Info. Servs., LLC*, No. CV09-7864, 2010 WL 128369, at *2 (C.D. Cal. Jan. 11, 2010). Nonetheless, "oral communications, on the other hand, are generally insufficient to constitute 'other papers' . . . to trigger the 30 day period." *Mendoza v. OM Fin. Life Ins. Co.*, No. C 09-01211, 2009 WL 1813964, at *5 (N.D. Cal. June 25, 2009); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005).

Plaintiff filed his Complaint on January 27, 2011. (*See* Compl.) Defendant filed its Notice on March 17, 2011, well over the removal statute's thirty-day limit. (Docket No. 1.) Defendant argues that the amount "was not immediately ascertainable" until an oral communication by Plaintiff gave notice. (Notice ¶ 5.) Because oral communications are considered insufficient to constitute "other papers," Plaintiff's oral communication did not make the instant action removable under 28 U.S.C. § 1446(b).

///
///

     2.     <u>Defendant Fails to Prove that the Amount in Controversy Requirement Is Satisfied</u>.

In addition to Plaintiff's verbal communication failing to justify removal under 28 U.S.C. § 1446(b), the communication does not prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Here, the burden falls squarely on Defendant because the amount in controversy is not facially evident from the Complaint. (*See generally* Compl.; Notice ¶ 5.) Plaintiff's Complaint is devoid of monetary figures and general facts to infer an amount in controversy. (*See generally* Compl.) The Court, therefore, examines if "any summary-judgment-type evidence" exists to support proper removal. The Court finds none. Defendant does not proffer any support through affidavits, oral testimony, or any evidence at all that the amount in controversy exceeds $75,000. Defendant fails to offer Plaintiff's prior salary, benefits, or even the length of employment. The only evidence Defendant bases its removal on is a simple, one line statement that "Plaintiff's counsel informed Defendant that the amount . . . exceeds $75,000." (Notice ¶ 5.) The Ninth Circuit has held that "the *district court has discretion to accept* [an] *admission as establishing* [the amount in controversy]." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006).[1] The Court exercises its discretion and declines to accept the Plaintiff's alleged statement as establishing the amount in controversy. Plaintiff's alleged admission standing alone, and in the absence of other factual support, does not prove that, more likely than not, the amount in controversy exceeds $75,000. As Defendant concedes, "many of these types of matters have an amount in controversy below $75,000." (Notice ¶ 5.)

Accordingly, the Court does not have proper subject matter jurisdiction.

III.     <u>CONCLUSION</u>

For the foregoing reasons, the Court **REMANDS** the instant action. This action shall close.

IT IS SO ORDERED.

---

[1] Arguably, Plaintiff's admission is not sufficiently reliable evidence as to the amount in controversy. The Ninth Circuit has consistently required a "formal judicial admission." *See, e.g., Singer*, 116 F.3d at 376. Here, Plaintiff's alleged statement was not made before the Court or gathered through discovery requests. *See id.* (stating that a statement made before an open court was a formal judicial admission); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (stating that plaintiff's interrogatory answers were properly considered).